FILED

NOT FOR PUBLICATION

MAY 10 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIRK CLYMER,

Defendant - Appellant.

No. 12-50079

D.C. No. 2:10-cr-00679-GW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted April 8, 2013
Pasadena, California

Before: BERZON, TALLMAN, and M. SMITH, Circuit Judges.

Kirk Clymer appeals the district court's denial of his motion to suppress

incriminating statements made during the execution of a search warrant at his

residence. Clymer argues that the statements at issue were made during a custodial

interrogation and, therefore, he was constitutionally entitled to receive warnings

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Clymer also appeals the district court's denial of his motion to suppress evidence obtained from four computers seized from his residence. Clymer claims that this evidence must be suppressed because officers failed to comply with the protocols outlined in the search warrant. We have jurisdiction under 28 U.S.C. § 1291, and while we affirm the district court's denial of Clymer's motion to suppress the seized evidence, we reverse the district court's denial of Clymer's motion to suppress his incriminating statements, and remand for further proceedings consistent with this disposition.

Having considered the totality of the circumstances, we conclude that Clymer was subjected to a custodial interrogation. In the absence of *Miranda* warnings, any statements made during a custodial interrogation must be suppressed. In evaluating whether an interrogation occurring within a suspect's residence is custodial, we may consider: "(1) the number of law enforcement personnel and whether they were armed; (2) whether the suspect was at any point restrained, either by physical force or by threats; (3) whether the suspect was isolated from others; and (4) whether the suspect was informed that he was free to leave or terminate the interview, and the context in which any such statements were made." *United States v. Craighead*, 539 F.3d 1073, 1084 (9th Cir. 2008).

In the present case, eleven federal and local law enforcement officers, representing six different agencies, executed a search warrant at Clymer's residence. Upon entering the residence, the officers drew their weapons and ordered Clymer to the ground, forcing him to exit the house by crawling forward in a supine position across the front entryway. Once outside the residence, Clymer was handcuffed and detained in a police car. Roughly an hour later, Clymer was returned to the residence, unhandcuffed, and interrogated for at least one and a half hours. During the interrogation, Clymer was not permitted to move unrestrained through his home. Officers retrieved his glasses, requested at the outset of the interview, and escorted him to the restroom where he was not permitted to close the bathroom door. Under these circumstances, we conclude that a reasonable person in Clymer's position "would have felt deprived of his freedom of action in [a] significant way, such that he would not have felt free to terminate the interrogation." *Craighead*, 539 F.3d at 1082. As a result, the interrogation that occurred within Clymer's home was custodial, and *Miranda* warnings were

3

required but not given. Any statements made by Clymer during the interrogation must be suppressed.[1]

The district court correctly concluded that officers complied with the warrant protocols when seizing evidence, consisting of four computers, from Clymer's residence. The search warrant permitted law enforcement personnel to seize the computers if "without requiring the use of special training in searching and seizing data, [they could] . . . determine [that the] digital device contain[ed] data falling within the scope of the items to be searched in the warrant," namely items that contained child pornography. Clymer admitted to the officers that he had been downloading child pornography for almost a decade and that all of his

---

[1] The government's argument that the interrogation was not custodial relies, in part, upon the fact that Clymer was told that he was not under arrest and was free to leave. "The mere recitation of the statement that the suspect is free to leave or terminate the interview, however, does not render an interrogation non-custodial *per se*," and such statements must be considered "within the context of the scene as a whole." *Craighead*, 539 F.3d at 1088. "[A]n agent's statement that a suspect is free to leave may have more or less resonance with the suspect depending on whether he can leave the interrogation site and retreat to the safety of his home or whether his home is in fact the locus of police activity." *Id.* Where, as here, the defendant's home was "the locus of police activity," being told that he was free to leave carries less weight in our analysis.

computers might contain child pornography images.[2]  This admission was bolstered by the officers' identification of child pornography during the on-site review of Clymer's laptop computer, and the officers' knowledge that computers are ideal repositories for child pornography images.  Therefore, the officers were able to conclude, without resorting to specialized training, that the seized computers likely contained data falling within the scope of the search warrant, and no further on-site or off-site review was required.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.

---

[2] We may consider Clymer's unwarned admissions in evaluating whether the evidence obtained from the seized computers must be suppressed.  *See United States v. Patane*, 542 U.S. 630, 643 (2004) (the failure to administer *Miranda* warnings does not require suppression of the physical fruits of unwarned but voluntary statements).